Cuma, per Evans, J.
I thought at the trial, and still think, that this case bears no resemblance to the case of Ciples v. adm'r of Alexander, (2 Tread. 767.) That case decides that the admission of the administrator, that the account was just, did not dispense with the necessity of the plaintiff’s adducing the ordinary proof to establish his demand ; and the reason assigned in the opinion of the court is, that there is no privity between them. The administrator’s connexion with the intestate, does not necessarily enable him to know whether the account be just or not. This case depends entirely on a different principle. It is the declaration of the administrator as to a fact within his own knowledge, and which he could be compelled to prove, if he were not a party to the suit. By the rule of court, in the process jurisdiction, the plaintiff may call on the defendant to answer, on oath, to interrogatories. Now, if Slead, the plaintiff, had called on the defendant to answer on oath, whether the demand he had sued for, was not just, then the case would belike that of Ciples v. Alexander and Wright v. Wright, to be found in Rice's Dig., vol. 1, p. 323, and quoted from Brevard’s MS. Rep. But if he had called on him to answer, whe *300 ther the note was not given for articles purchased by Crowder ; and whether he did not know that Crowder was the principal, and Slead the security, can there be any doubt that he would have been compelled to answer, and that the answer would have proved the fact ? Or if a bill of discovery had been filed for the same purpose in equity, would not the answer, admitting the fact, be received as evidence ? It strikes me there could be no doubt on these points •, and if the answer would be evidence, I can see no reason why his admission of the truth of the fact is not admissible to be proved. The general rule is clear, that the ' admission of a party on the record is evidence, and the reasons of none of the exceptions apply to this case.
Eaves & Thompson, for the motion.
I think the circuit decision was right, and the motion is dismissed.
Richardson, O’Neall, Butler and Earle, Justices, concurred.